UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRELL PRINCE,<br><br>Plaintiff,<br><br>v.<br><br>ELEANOR ACHESON, *et al.*,<br><br>Defendants. | Civil Action No. 17-2633 (JEB) |

## MEMORANDUM OPINION

For *pro se* Plaintiff Darrell Prince, Amtrak Police's motto "Protecting America in Transit" must ring hollow. After his bag and laptop were stolen while he was sleeping at Union Station, his attempts to enlist the aid of Amtrak Police officers to find his belongings and apprehend a suspect were repeatedly rebuffed. Frustrated by their unwillingness to assist him, Prince is suing Eleanor Acheson (General Counsel for Amtrak), Amtrak Police, and the National Railroad Passenger Corporation (Amtrak) for "gross negligence of duty, and theft of honest government services." Defendants, believing Prince has failed to state a viable claim, now move to dismiss the Complaint. Notwithstanding their motto, Amtrak Police officers – like other law-enforcement officers in all but a few scenarios – have no affirmative duty to protect, and Prince cannot hold them liable for failing to do so here. As such, this Court will grant Defendants' Motion.

I.  **Background**

According to the Complaint, which the Court must presume true at this stage, this case arises from the January 8, 2017, theft of a laptop and bag from Plaintiff after he fell asleep in the District of Columbia's Union Station. See Compl. at 1; Opp. at 6. Immediately following the

1

incident, Prince attempted to report the theft to several Amtrak Police officers. See Compl. at 1. After assistance was twice refused, he was finally allowed to file a report but was denied access to the station's security-camera footage, as the cameras were allegedly not operating. Id. Plaintiff then proceeded to search the station and located an individual using what appeared to be his laptop. Id. at 2. After filming the likely culprit, Prince attempted to turn in "said evidence" but was rebuffed by Amtrak Police officers. Id. Adding insult to injury, the report he allegedly filed was later lost, leaving Plaintiff deeply unsatisfied with the officers' response to his predicament. Id.

Seeking replacement costs for his bag and laptop, damages for pain and suffering, and several million dollars in punitives, Prince filed this suit against General Counsel Acheson, Amtrak Police, and Amtrak itself. See Compl. at 1, 2. Invoking 28 U.S.C. § 1343 and 42 U.S.C. § 1983 and alleging "gross negligence of duty, and theft of honest government services," Compl. at 2, Prince claims that the officers failed to assist him, repeatedly misled him, and neglected their basic "responsibility to investigate property loss or theft." Opp. at 2. Defendants now move to dismiss all of Plaintiff's claims.

**II.     Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a suit when the complaint "fail[s] to state a claim upon which relief can be granted." In evaluating a motion to dismiss under Rule 12(b)(6), the Court must "treat the complaint's factual allegations as true and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged." Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal quotation marks and citation omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A court need not accept as true, however, "a legal conclusion couched as a factual allegation," or an inference

unsupported by the facts set forth in the complaint. Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, [if] accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). Though a plaintiff may survive a Rule 12(b)(6) motion even if "recovery is very remote and unlikely," the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555-56 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Where the action is brought by a *pro se* plaintiff, the Court must construe his filings liberally and hold the complaint to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also Schnitzler v. United States, 761 F.3d 33, 38 (D.C. Cir. 2014).

### III.     Analysis

Although the legal theories set out in Plaintiff's Complaint are somewhat difficult to parse, it appears that his claims for negligence are brought pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. See Compl. at 1. His Opposition to the Motion to Dismiss explains that he is relying on his Fifth and Fourteenth Amendment Due Process rights. See Opp. at 2 ("The 5th and the 14th amendment's [*sic*] due process clauses cover this."). Reading his Complaint generously, Plaintiff might be asserting a negligence claim under D.C. law as well. See Compl. at 1. Regardless, Defendants correctly argue his suit is infirm.

First, the only conceivable subpart of 28 U.S.C. § 1343 he could invoke is § 1343(a)(3), which, like 42 U.S.C. § 1983, limits its jurisdictional grant to suits seeking to redress the deprivation of constitutional rights "under color of any State law." Even if Amtrak is a state

entity – a debatable proposition – Prince never alleges that Acheson, the General Counsel, has herself violated his rights in any way. Similarly, Plaintiff has not alleged that the entity Defendants (Amtrak and Amtrak Police) implemented or executed any <u>policy</u> to violate his constitutional rights. <u>See</u> <u>Monell v. Dep't of Soc. Servs. of New York</u>, 436 U.S. 658, 690-91 (1978) (finding no vicarious liability for employing tortfeasor).

In any event, even if Prince were to seek to amend his Complaint to name the actual officers, he would still fail to state a valid claim as such officers cannot breach a duty they never owed him in the first place. "[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." <u>DeShaney v. Winnebago Cty. Dep't of Soc. Servs.</u>, 489 U.S. 189, 195 (1989). Government officials do not have an affirmative duty to protect individuals from harm, and individuals do not have a right to governmental aid. <u>Id.</u> at 196 ("[T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."). To the extent Prince means to allege negligence under D.C. law, he fares no better. <u>See</u> <u>Warren v. Dist. of Columbia</u>, 444 A.2d 1, 3 (D.C. 1981) (*en banc*) ("[A] government and its agents are under no general duty to provide public services, such as police protection, to any particular individual citizen. The duty to provide public services is owed to the public at large, and, absent a special relationship between the police and an individual, no specific legal duty exists.") (quotation marks and citation omitted).

There are only two circumstances in which officials may have an affirmative duty to protect an individual from harm: if they (1) restrain the personal liberty of a victim, <u>see</u> <u>DeShaney</u>, 489 U.S. at 199-200, or (2) in some way affirmatively create or increase the danger

4

faced by a victim.  Butera v. Dist. of Columbia, 235 F.3d 637, 651 (D.C. Cir. 2001) (finding police liable for murder of undercover operative they enlisted for drug buy).  As nothing in Prince's pleadings indicates that either exception is applicable here, the Court's conclusion is quite clear: the officers simply could not be found liable for any harm Plaintiff suffered.  While they may not have provided him and his possessions with the level of protection he sought or offered him any meaningful investigative aid, they nonetheless did not violate his due-process rights.  As such, even if Prince were to seek leave to name the officers in a properly amended Complaint, he could not proceed.

**IV.    Conclusion**

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss.  It will issue a contemporaneous Order to that effect this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: April 4, 2018